# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Alexander Harrison,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-16-00481-PHX-DJH<br><br>**ORDER** |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Eileen S. Willett (Doc. 13). In May 2005, Petitioner pled guilty in Maricopa County Superior Court to first degree murder, a class 1 dangerous felony under Arizona law. (Doc. 13 at 2). Pursuant to a stipulation in the plea agreement, Petitioner was sentenced to natural life in prison. (Doc. 13 at 2).

Petitioner raises three claims in his federal habeas petition. First, he asserts that he was not given a bond hearing and that his bail amount of three million dollars was excessive and in violation of the Eighth Amendment. (Doc. 1 at 6). Second, Petitioner alleges he was shackled during every court hearing, including the sentencing hearing, in violation of the Due Process Clause. (Doc. 1 at 7). Third, Petitioner contends that the trial court should not have accepted his guilty plea in light of his mental health history. (Doc. 1 at 8).

After full consideration of the issues, Judge Willett concluded that Petitioner's

1 claims are time-barred because he failed to file the habeas petition within the one-year
2 statute of limitations period. (Doc. 13 at 1). Judge Willett determined that statutory
3 tolling based on post-conviction relief proceedings in state court did not apply because
4 Petitioner did not file a subsequent post-conviction petition after the conclusion of his
5 "of-right" petition for post-conviction relief, which is the functional equivalent of a direct
6 appeal. (Doc. 13 at 3-6). The trial court denied Petitioner's of-right petition on July 10,
7 2006. (Doc. 13 at 4). Because Petitioner failed to file a timely petition for review in the
8 Arizona Court of Appeals, his convictions became final upon expiration of the time for
9 doing so, which was August 14, 2006. (Doc. 13 at 5). Judge Willett therefore
10 determined that the one-year limitations period started to run the next day and expired on
11 August 14, 2007. (Doc. 13 at 5). Consequently, the habeas petition, which was not filed
12 until February 22, 2016, was more than eight years too late. Moreover, Petitioner did not
13 demonstrate he was entitled to equitable tolling or that an equitable exception to the
14 limitations period should apply. (Doc. 13 at 6). Accordingly, Judge Willett recommends
15 that the habeas petition be denied and dismissed with prejudice. (Doc. 13 at 7).

Judge Willett advised the parties that they had fourteen days to file objections and that the failure to file timely objections "may result in the acceptance of the Report and Recommendation by the District Court without further review." (Doc. 13 at 7) (citing *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*)). The parties have not filed objections and the time to do so has expired. Absent any objections, the Court is not required to review the findings and recommendations in the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Nonetheless, the Court has reviewed the R&R and agrees with its findings and recommendations. The Court will, therefore, accept the R&R and deny the habeas

petition. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Willett's R&R (Doc. 13) is **accepted** and **adopted** as the order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

**Dated** this 5th day of June, 2017.

Honorable Diane J. Humetewa
United States District Judge